IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ENRIQUE GUZMAN-RIVERA ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 3:13-cv-767 |
| ) | |
| IMMIGRATION AND CUSTOMS ENFORCEMENT, ) | Judge Sharp |
| ) | |
| Respondent. ) | |

## OPINION AND ORDER

Before the Court is petitioner Enqrique Guzman-Rivera's signed Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (ECF No. 7), in which the petitioner alleges that he is confined in the Bledsoe County Correctional Complex ("BCCX") in Pikeville, Tennessee.

The petitioner is serving a sentence imposed on April 21, 2007 by the Circuit Court for Blount County, Tennessee. He does not challenge the validity of that state-court judgment; rather, he challenges an immigration detainer lodged against him by the Bureau of Immigration and Customs Enforcement ("ICE") on July 14, 2008. He asserts that the detainer is still active and has never been removed. He further alleges that the lodging of the detainer has unconstitutionally affected the execution of his current sentence. Specifically, the detainer has been "relied upon to (1) deny [him] release on parole; (2) prohibit [him] from being treated equally with other inmates in (TDOC) prison; [and] (3) preclude[d] [him] from expireing [sic] [his] prison sentence." (ECF No. 7, at 6–7.) The petitioner requests that this Court enter an order setting a detention hearing and a bond hearing for "deportation (or) removal of detainer ICE hold (or) set ICE bond!" (ECF No. 7, at 8.)

The Court must conduct a preliminary review of any habeas petition. 28 U.S.C. § 2243. Section 2243 provides that a court "entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. *See Alexander v. No. Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011) (citing

*Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (stating that under § 2243, the district court has a duty to screen out a habeas corpus petition that is meritless on its face). Because the petitioner proceeds *pro se*, without the assistance of an attorney, his petition is reviewed more leniently than a petition filed by an attorney on behalf of her client. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage the Court accepts the petitioner's factual allegations as true and construes the legal claims liberally in his favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). *See also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (stating that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face") (internal quotation marks and citation omitted). Once the initial review is complete, the court may deny the petition if it fails to establish grounds for relief. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987).

The law is well established that in order for the district court to have jurisdiction over a petitioner's habeas claims challenging a detainer by the ICE, he must actually be in ICE's custody. *See Prieto v. Gulch*, 913 F.2d 1159, 1162 (6th Cir. 1990) (holding that district court lacked jurisdiction over federal prisoners' challenge to detainers issued by the Immigration and Naturalization Service ("INS")[1] where the prisoners were not in INS custody, citing 28 U.S.C. § 2241(c)); *Campillo v. Sullivan*, 853 F.2d 593, 595 (8th Cir. 1988) (holding that the district court was without jurisdiction to consider a challenge to an INS detainer where the petitioner was in the custody of the Bureau of Prisons and not the INS, stating: "The writ of habeas corpus functions to grant relief from unlawful custody or imprisonment. Absent custody by the authority against whom relief is sought, jurisdiction usually will not lie to grant the requested writ."). Thus, this court must first determine whether Mr. Guzman-Rivera is in fact in the custody of the ICE.

He clearly is not. He states that he is serving a prison sentence imposed by the state of Tennessee and is, therefore, in the sole custody of the Tennessee Department of Correction ("TDOC"), not ICE. Thus, he cannot satisfy the "in custody" requirement of 28 U.S.C. § 2241(c). The mere fact that a detainer has been lodged by ICE against Mr. Guzman-Rivera does not mean he is "in custody" of ICE. *Campillo*, 853 F.2d at 595 ("The filing of an INS detainer, standing alone, does not cause a sentenced offender to come within the custody of the INS for purposes of a petition for a writ of habeas corpus.").

---

[1] Following the terrorist attacks on September 11, 2001, the INS was abolished and replaced with the Department of Homeland Security ("DHS"). *See* Homeland Security Act of 2002, Pub L. 107-296. ICE is an agency within DHS that is responsible for the detention and removal of illegal aliens.

- 2 -

Case 3:13-cv-00767   Document 8   Filed 10/08/13   Page 2 of 3 PageID #: 28

The detainer only constitutes a notice that the ICE may seek custody of the prisoner in the future; it does not confer custody to ICE. *Prieto*, 913 F.3d at 1164. *See also Orozco v. U.S. INS*, 911 F.2d 539, 541 n.2 (11th Cir. 1990) ("The filing of a detainer is an informal process advising prison officials that a prisoner is wanted on other pending charges and requesting notification prior to the prisoner's release."). Because a detainer is only a notice and does not alter the prisoner's status as a custodial detainee of TDOC, he "may not challenge the detainer by way of habeas corpus until he is placed in the custody of the [ICE], an event which will not occur until [he] is released from his present term of confinement." *Campillo*, 853 F.2d at 595.

This Court therefore lacks personal jurisdiction over the party to whom the writ is directed and the petition must be dismissed without prejudice. *Cf. Fernandez v. Dep't of Homeland Sec.*, No. 4:07 CV0882, 2007 WL 1726497 (N.D. Ohio June 13, 2007) (where the petitioner brought a habeas petition under § 2241 petition challenging a detainer warrant lodged against him by the Department of Homeland Security, INS, and the Warden of the prison where the petitioner was incarcerated, dismissing for lack of jurisdiction because the petitioner was not in the custody of INS or the Department of Homeland Security and the prison warden had no authority to provide the requested relief); *Sang Min Lee v. Hansen*, No. 4:06CV0647, 2006 WL 1587362 (N.D. Ohio June 8, 2006) (dismissing § 2241 petition challenging a detainer lodged against the petitioner by the INS because the petitioner was not in the custody of the INS, but rather was in the custody of the Federal Bureau of Prisons serving a federal criminal sentence).

Based on the foregoing, this matter is **DISMISSED WITHOUT PREJUDICE** pursuant 28 U. S .C. § 2243.

Lastly, the Court notes that a certificate of appealability is not needed to appeal the dismissal of a habeas petition filed pursuant to 28 U.S.C. § 2241. *Witham v. United States*, 355 F.3d 501, 504 (6th Cir. 2004). Accordingly, Petitioner thus need not request one from this Court or the Sixth Circuit should he seek to appeal this decision.

It is so **ORDERED**.

Kevin H. Sharp
United States District Judge